**Carmen SANABRIA, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,
Defendant.**

**Civ. No. 180–73.**

United States District Court,
D. Puerto Rico.

Jan. 20, 1975.

Gabriel A. Garcia Rosario, Hato Rey, P. R., for plaintiff.

Ignacio Rivera Cordero, San Juan, P. R., for defendant.

OPINION and ORDER

ALDRICH, Senior Circuit Judge.[*]

The single question in this appeal from the Secretary's denial of death benefits to an alleged widow of an individual who was properly qualified under the Social Security Act at the time of his death, hereinafter "insured," raises the single question whether applicant qualifies as a widow under the statute.

Applicant and insured lived together for thirty-five years, purportedly as husband and wife, and it was generally believed that they were married. In fact, however, no ceremony had ever been performed. The relevant section, 42 U.S.C. § 416(h)(1)(A) provides, in material part, that an applicant shall be considered the widow "if such applicant would, under the laws applied by such courts in determining the devolution of intestate personal property, have the same status with respect to the taking of such property as a . . . widow . . . of such insured individual." ("such courts" being the courts of the local domicile).

I can add nothing to the opinion of the hearing examiner, except to say that I have read his citations, including the decisions of the Supreme Court of Puerto Rico, and also the opinion determining this precise question adversely to the applicant by former Judge Cancio. Garcia Muriel v. Secretary, D.P.R. No.

. * Sitting as District Judge for the District of Puerto Rico by designation.

301–68 decided 12/30/68, CCH U.I.R. Vol. 1A Fed. para. 15.368. Plaintiff advances no new arguments.

It may be thought unfortunate, by some, that a woman who lives openly for a period of years as a wife is not to be treated, for Social Security purposes, as a widow. While the policy question is not for me to determine, I cannot refrain, however, in view of the earnestness of applicant's brief, from saying that it is sometimes all too easy to claim to have been a "common law" wife, and if the local domicile chooses not to give full force to such a relationship, it is not unreasonable for Congress to go no further.

Plaintiff's request for oral argument is denied, the issue being simply one of law and have been fully briefed.

Judgment is to be entered dismissing the complaint.